**Frank Ervin ALTIZER, Jr., Appellant,**

v.

**E. L. PADERICK, Individually and as Superintendent, Virginia State Penitentiary, etc., W. M. Riddle, Individually and as Assistant Superintendent, Virginia State Penitentiary, etc., D. R. Lawson, Individually and as Corrections Officer, Virginia State Penitentiary, etc., H. L. Campbell, Individually and as Corrections Officer, Virginia State Penitentiary, etc., and Corrections Officer Stoufer, Individually and as Corrections Officer, Virginia State Penitentiary, etc., Appellees.**

No. 76–2182.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 4, 1977.

Decided Jan. 25, 1978.

Tracy Dunham, Richmond, Va. (Carolyn J. Colville, Colville & Dunham, Richmond, Va., on brief), for appellant.

Patrick A. O'Hare, Asst. Atty. Gen., Richmond, Va. (Anthony F. Troy, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellees.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

PER CURIAM:

The appellant a state prisoner, complains that his removal as an inmate counselor by the prison officials, without a fact finding hearing, was violative of his due process rights. The district court dismissed his action and we affirm.

It is well settled that federal courts do not occupy "the role of super wardens of state penal institutions" (*Cooper v. Riddle* (4th Cir. 1976) 540 F.2d 731, 732), and "do not sit to supervise state prisons" (*Meachum v. Fano* (1976) 427 U.S. 215, 229, 96 S.Ct. 2532, 2540, 49 L.Ed.2d 451). In

particular, the classifications and work assignments of prisoners in such institutions are matters of prison administration, within the discretion of the prison administrators, and do not require fact-finding hearings as a prerequisite for the exercise of such discretion. *Cooper v. Riddle, supra; Chapman v. Plageman* (W.D.Va.1976) 417 F.Supp. 906, 908. To hold that they are "within reach of the procedural protections of the Due Process Clause would place the Clause astride the day-to-day functioning of state prisons and involve the judiciary in issues and discretionary decisions that are not the business of federal judges." *Meachum v. Fano,* 427 U.S. at 228–29, 96 S.Ct. at 2540. It follows that the appellant was not denied any constitutional right by the action of the prison administrators in removing him, without a hearing, from assignment to the inmate advisor program. Nor was the appellant entitled to a due process hearing because the prison officials included in his file the reasons for his transfer from the inmate advisor program, even though such information might have some implications for any later right to parole on his part. *See, Meachum v. Fano, supra,* at 229, note 8, 96 S.Ct. at 2540;[1] *Lay v. Williams* and *Scott v. Williams,* ── U.S. ──, 98 S.Ct. 311, 54 L.Ed.2d 196.

The judgment of the district court is accordingly

AFFIRMED.

---

1. Note 8:

"Nor do we think the situation is substantially different because a record will be made of the transfer and the reasons which underlay it, thus perhaps affecting the future conditions of confinement, including the possibilities of parole. The granting of parole has itself not yet been deemed a function to which due process requirements are applicable. See *Scott v. Kentucky Parole Board,* No. 74–6438, cert. granted 1975, 423 U.S. 1031, [96 S.Ct. 561, 46 L.Ed.2d 404.] If such holding eventuates, it will be time enough to consider respondents' contentions that there is unfounded information contained in their files."