**Ronald D. VETETO, Appellant,**

v.

**H.G. MILLER and other named unidentified employees of the Bureau of Prisons.**

**No. 85–5553.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 8, 1986.

Decided June 19, 1986.

---

Ronald D. Veteto, pro se.

James J. West, U.S. Atty., Harrisburg, Pa., James W. Walker, Asst. U.S. Atty., Scranton, Pa., for appellees.

Before ADAMS, HIGGINBOTHAM and MARIS, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

The plaintiff, Ronald D. Veteto, an inmate of the federal penitentiary at Lewis- burg, Pennsylvania, filed a complaint *pro se* in the District Court for the Middle District of Pennsylvania against Warden Miller and other unnamed employees of the federal Bureau of Prisons alleging viola- tions of his constitutional rights. The prin- cipal violation alleged was denial of access to the courts by depriving him of writing materials, stationery and stamps and of access to the prison law library. The com- plaint also alleged deprivation of meals, clean clothes, showers and recreation peri- ods. Alleging that plaintiff had "repeated- ly requested administrative remedies" from the defendants with no response or suc- cess, the complaint sought injunctive relief and also compensatory and punitive dam- ages. Stating that it did not agree with the plaintiff's assertion that he had exhausted his administrative remedy, the district court dismissed the complaint for his fail- ure to do so. The present appeal followed.

Pursuant to authority conferred on him by the Attorney General, 28 CFR § 0.96(t), the Director of the Bureau of Prisons has promulgated regulations pro- viding for a three-stage system for consid- ering prisoners' grievances and granting relief when justified. 44 FR 62250, 28 CFR § 542.10 *et seq.* In *Waddell v. Alldredge,* 480 F.2d 1078 (3d Cir.1973), this court held that it is incumbent upon a federal prisoner seeking mandatory relief from the actions of prison authorities alleged to violate his constitutional rights to exhaust this admin- istrative remedy before seeking judicial re- lief. Because it concluded that the facts asserted in the complaint did not show an exhaustion of the administrative remedy, the district court dismissed the complaint in the present case under the authority of the *Waddell* case.

In *Muhammad v. Carlson,* 739 F.2d 122 (3d Cir.1984), we held that a federal prison- er suing only for money damages for the alleged violation by prison authorities of his constitutional rights is not bound by the exhaustion of remedy requirement since he can obtain no monetary relief from the Bureau of Prisons against individual de- fendants. The basic question with which

we are here confronted is whether in a case such as the present one in which both injunctive relief and damages are claimed, the rule of the *Muhammad* case should apply or whether the *Waddell* rule is applicable.

While this court has not heretofore expressly ruled on this question, at least two other circuits have held the exhaustion requirement applicable in such a case. *Miller v. Stanmore,* 636 F.2d 986, 990–991 (5th Cir.1981); *Brice v. Day,* 604 F.2d 664 (10th Cir.1979). Indeed, it was implicitly so ruled in our *Waddell* case since that case also involved a claim for damages as is indicated by footnote 1 to the opinion. 480 F.2d at 1078. Moreover, to hold that the exhaustion rule is not to be applied in a case seeking injunctive or mandatory relief if the complaint also claims damages would render the rule a virtual nullity. For all that a prisoner claiming injunctive or mandatory relief need do to avoid application of the exhaustion rule would be to add a claim for damages. We hold that the requirement for exhaustion of the administrative remedy provided by the regulations applies to a prisoner's suit for injunctive or mandatory relief whether or not it carries an added claim for damages.

■ It remains to consider whether the district court erred in dismissing the complaint on nonexhaustion grounds based solely on the allegations of that pleading and without service, answer or preliminary hearing on the question. We think that the court did err in so doing and that in line with the settled policy to construe *pro se* complaints liberally, the case should be remanded to enable the plaintiff, if so minded, to amend his complaint so as to supply more specific facts on this subject and to enable the court to hold a preliminary hearing, if needed, to establish the background facts with respect to the plaintiff's claim to have exhausted the remedy provided for him by the Bureau of Prison regulations. If it is found that the administrative remedy has not been exhausted, the complaint should be dismissed without prejudice to its reinstatement if, upon completion of the administrative procedure, the plaintiff has not received the relief to which he believes himself to be entitled. If, on the other hand, it is found that the plaintiff has exhausted his remedy in the Bureau of Prisons without obtaining the relief to which he believes himself to be entitled, the court should hear the case and accord the plaintiff such relief as the facts and the law warrant.

The judgment of the district court will be vacated and the cause remanded for further proceedings not inconsistent with this opinion.