804 F.2d 677
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tyrone Victor BOONE,
v.
Arnold HOPKINS, Individually and in his Official Capacity as
Commissioner of the Maryland Department of Corrections;
Sebastian Valenti, Individually and in his Official Capacity
as Warden of the Maryland Correctional Institution-Jessup;
James Rollins, Individually and in his new Official Capacity
as Warden of the Maryland Correctional Institution-Jessup;
Paul Sorrenson, Individually and in his Official Capacity as
Supervisor of Classification of the Maryland Correctional
Institution-Jessup; Judith Warner Feehley, Individually and
in her Prior Official Capacity as Classification Counselor
of the Maryland Correctional Institution-Jessup; Gail R.
Jones, Individually and in her Prior Official Capacity as CO
III and Supervisor of Traffic Control of the Maryland
Correctional Institution-Jessup, Defendant-Appellees.
 No. 86-7195.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 27, 1986.
Decided Nov. 6, 1986.
 
 Tyrone Victor Boone, appellant pro se.
 D.Md.
 AFFIRMED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Maryland inmate Tyrone Victor Boone appeals the district court's dismissal of his action brought pursuant to 42 U.S.C. Sec. 1983. Boone alleged that:
 
 
 2
 Plaintiff was mysteriously placed in an alleged job-bank, which resulted in the deprivation of accumulative accredited time off for a period of four (4) years. This manipulative and forced condition was done (dubiously) without the benefit of regular classification hearing, notice of some infraction or a court of any kind, which has froze[n] plaintiff Tyrone Victor Boone's movement, causing a prevention of progress upward and onward throughout the division of correctional services and eventual freedom and/or earlier release.... Such actions on the part of correctional and classification officers violates plaintiff['s] 14th amendment right to equal protection of the law. Plaintiff, as ... all other prisoners, has a liberty interest in employment in the form of the industrial credit he could earn each month, and a property interest in the job, in the form of monies accumulated for each day worked, and therefore should be entitled to a hearing consistent with due process.
 
 
 3
 Relying on this Court's decision in Altizer v. Paderick, 569 F.2d 812 (4th Cir.), cert. denied, 435 U.S. 1009 (1978), the district court concluded that Boone could not prevail. The suit was dismissed without service of process pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 The district court acted properly when it ordered the case docketed based on Boone's economic status and then dismissed the lawsuit. See Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979). We note that the authority of the district court to dismiss pursuant to Sec. 1915(d) is especially broad in civil rights suits brought by prisoners. Id. at 951.
 
 
 5
 As the district court acted within its discretion, we affirm the judgment of dismissal. As the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 AFFIRMED.