827 F.2d 771
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benjamin Lonnie WOLFENBARGER, Plaintiff-Appellant,
v.
Ken AYDELOTTE, James Worthington, and Steve Coffee,
Defendants-Appellees
 No. 87-5210
 United States Court of Appeals, Sixth Circuit.
 August 27, 1987.
 
 ORDER
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, JR., Circuit Judges.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff appealed the district court's dismissal of his 42 U.S.C. Sec. 1983 civil rights action for failure to state a claim upon which relief could be granted. Plaintiff claimed that he was deprived of his 'rightful pay scale' for prison work that he performed; that he was wrongfully reassigned from the paint crew to the yard crew with a corresponding decrease in pay; that he was reassigned because of racial discrimination; and that he was denied the right to file an institutional grievance.
 
 
 3
 We conclude that the district court correctly dismissed the complaint. Under 42 U.S.C. Sec. 1983, a plaintiff must allege 1) that he was deprived of a right secured by the Federal Constitution or laws of the United States, and 2) that the deprivation was caused under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981).
 
 
 4
 Plaintiff failed to satisfy the first requirement to state a claim under 42 U.S.C. Sec. 1983. The essence of his claim is that he has a constitutionally protected right to a specific job assignment and/or pay rate. Traditionally, an inmate's expectation of obtaining or keeping a particular job, however, does not amount to a property or liberty interest protected by the Constitution. Garza v. Miller, 688 F.2d 480, 486 (7th Cir. 1982), cert. denied, 459 U.S. 1150 (1983); Bryan v. Werner, 516 F.2d 233, 240 (3rd Cir. 1975). The expectation of keeping a particular job does not amount to either a property or liberty interest cognizable under Sec. 1983. Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980); Altizer v. Paderick, 569 F.2d 812 (4th Cir. 1978), cert. denied, 435 U.S. 1009. Similarly, a prisoner has no constitutional right to be paid for his prison labor and any compensation is by grace of the state. Sigler v. Lowrie, 404 F.2d 659, 661 (8th Cir. 1968), cert. denied, 395 U.S. 940 (1969).
 
 
 5
 Even assuming that the state department of corrections regulation at issue in this case creates a liberty or property interest, we conclude plaintiff's claim was properly dismissed under the doctrine enunciated in Parratt v. Taylor, 451 U.S. 527. This plaintiff alleged that he was deprived of his property in violation of procedural due process. Having alleged that he was deprived of his property contrary to a department of corrections policy, his alleged deprivation of his property was the result of a random and unauthorized act. See Davis v. Robbs, 794 F.2d 1129, 1131 (6th Cir.), cert. denied, 107 S.Ct. 592 (1986); Four Season Apartments v. City of Mayfield Heights, 775 F.2d 150, 152 (6th Cir. 1985). Not having pled and proved the inadequacy of the state's corrective process, plaintiff has failed to state a cause of action for deprivation of his procedural due process rights in federal court. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Joyce v. Mavromatis, 783 F.2d 56 (6th Cir. 1986); Bacon v. Patera, 772 F.2d 259, 264 (6th Cir. 1985).
 
 
 6
 Accordingly, the judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit.