849 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lee BOLES, Jr., Plaintiff-Appellant,
v.
Edward P. WEIST, Pelton # 101, Corrections Officer, D.
Curyls, Hearing Investigator, Roxanne Thibault, Deputy of
Housing; Pamela Withrow, Warden at DCR; Robert Brown,
Director of Michigan Department of Corrections, Defendant- Appellees.
 No. 87-1862.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1988.
 
 1
 Before CORNELIA G. KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CONTIE Senior Circuit Judge.
 
 ORDER
 
 2
 Plaintiff appeals the district court's judgment dismissing his suit filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the parties' briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff claimed that defendants violated his constitutional rights under the first, fifth, sixth and fourteenth amendments when they disciplined him for the violation of a prison rule.
 
 
 4
 Upon review, we conclude the district court properly entered summary judgment for the defendants as there is no genuine issue as to any material fact and the defendants are clearly entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
 
 
 5
 Plaintiff's challenge to the validity of a state rule or regulation as being improperly promulgated simply does not state a claim of constitutional magnitude. See Walker v. Mintzes, 771 F.2d 920, 933-34 (6th Cir.1985).
 
 
 6
 Plaintiff's confinement in detention for twelve days likewise did not violate state law. Plaintiff was not entitled to have his disciplinary sentence be credited with time served in detention prior to his disciplinary hearing because the applicable Michigan administrative code regulation only allows for credit for time served in punitive confinement. Plaintiff's confinement prior to his disciplinary hearing was not for punitive reasons. We affirm the dismissal of plaintiff's suit as to this issue because it is without merit, rather than on the basis of judicial immunity which was referred to by the district court.
 
 
 7
 Plaintiff also received due process when defendants provided him with a written statement of the factual findings underlying his disciplinary conviction; he was not entitled to a written legal opinion regarding his challenge to the validity of defendants' prison rule. See King v. Wells, 760 F.2d 89 (6th Cir.1985). We also conclude that plaintiff's disciplinary conviction was supported by sufficient evidence. See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445 (1985).
 
 
 8
 In addition, plaintiff failed to state a claim for the wrongful denial of his right to appeal his disciplinary conviction. Plaintiff does not have an inherent constitutional right to appeal his disciplinary conviction. Even if he does possess a state-created liberty interest to such an appeal, plaintiff still failed to state a claim of constitutional magnitude for the denial of such right because plaintiff failed to plead and prove the inadequacy of state remedies to redress the wrong. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 199 (6th Cir.1987).
 
 
 9
 Finally, the defendants did not violate any of plaintiff's constitutional rights when they transferred him to another prison. An inmate does not have a constitutional right to be placed in any particular prison, see Olim v. Wakinekona, 461 U.S. 238, 245 (1983), to a prison job, see Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir.), cert. denied, 435 U.S. 1009 (1978), or to provide legal assistance to other inmates. Cf. Bounds v. Smith, 430 U.S. 817, 828 (1977).
 
 
 10
 For these reasons, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.