862 F.2d 314
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Steven M. JOHNSON, Plaintiff-Appellant,
v.
Mr. KNABLE, C/O Education Department, Sergeant Bisser,
Defendants-Appellees.
 No. 88-7729.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 29, 1988.
Decided Oct. 31, 1988.
 
 Steven M. Johnson, appellant pro se.
 John Joseph Curran, Jr., Attorney General, Office of Attorney General, for appellees.
 Before ERVIN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Steven M. Johnson, a Maryland inmate, appeals the district court's summary dismissal of his 42 U.S.C. Sec. 1983 action alleging discriminatory denial of employment in the prison's education department. Because we find that Johnson has stated a possible basis for relief, we vacate and remand the district court's order.
 
 
 2
 Johnson applied for a job in the prison's education department. He alleges that Sgt. Bisser, a guard in the prison, told Dr. Knable, the department head, that Johnson was a homosexual and a rapist. Johnson contends that he was denied the job because of these statements.
 
 
 3
 After pursuing his administrative remedies within the prison system, Johnson instituted this Sec. 1983 action. The district court dismissed Johnson's suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d), and this appeal ensued.
 
 
 4
 Summary dismissal of an inmate's complaint as frivolous is appropriate only where it can be found " 'beyond doubt' and under any 'arguable' construction, 'both in law and in fact' of the substance of plaintiff's claim that he would not be entitled to relief." Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir.1979). Here, the district court correctly stated that prison work assignments are matters within the discretion of prison officials, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate. Altizer v. Paderick, 569 F.2d 812 (4th Cir.1978). However, the analysis of Johnson's complaint does not stop there. Johnson does not simply complain that he was wrongfully denied a work assignment; he alleges that he was discriminated against in being denied the work assignment because of the statement that he was a homosexual. If Johnson was denied a prison work assignment simply because of his sexual orientation, his equal protection rights may have been violated. Cf. Thomas v. Pate, 493 F.2d 151, 156 (7th Cir.1974) (recognizing that racial discrimination in prison work assignments presents a claim cognizable under Sec. 1983). Thus it cannot be said beyond doubt that Johnson would not be entitled to relief under any arguable factual or legal construction of his complaint.
 
 
 5
 Accordingly, the judgment of the district court is vacated and remanded for further proceedings consistent with this order. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.