888 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norval Ronald MOSS, Plaintiff-Appellant,
v.
Edward F. ARBOGAST, Warden; Billy Joe Potter; Sandra
Ollis; Roger Smith; Lori Starnes; Dwight Lacey;
Knox Gardner; Lynn Markland Williams;
Barbara Livingston,
Defendants-Appellees.
 No. 88-6316.
 United States Court of Appeals, Sixth Circuit.
 Nov. 7, 1989.
 
 Before MERRITT, Chief Judge, BOYCE F. MARTIN, Jr., Circuit Judge, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Norval Ronald Moss, a pro se Tennessee prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief in the sum of $20,000 against each defendant, plaintiff sued nine prison officials at the Tennessee Department of Corrections, alleging that they conspired to defraud him of $150 and that they violated his right to due process by treating him arbitrarily. The district court sua sponte dismissed the claim as frivolous, citing 28 U.S.C. Sec. 1915(d). This appeal follows.
 
 
 3
 Upon consideration, we conclude that the district court properly dismissed plaintiff's suit as frivolous because his claims are based on an indisputably meritless legal theory and his factual contentions are clearly baseless. See Neitzke v. Williams, 109 S.Ct. 1827 (1989).
 
 
 4
 First, concerning plaintiff's claim based on the $150 mistaken calculation, plaintiff does not possess a constitutional right to have his bills be calculated properly. Furthermore, to the extent that plaintiff lost property as the result of the miscalculation, the claim is also baseless as a claim premised on mere negligence is simply not actionable under the due process clause. See Daniels v. Williams, 474 U.S. 327 (1986); Jones v. Sherrill, 827 F.2d 1102, 1106 (6th Cir.1987). Additionally, because the deprivation of property could not have been anticipated by state authorities, the claim finds no support under the due process clause as plaintiff has failed to plead and prove the inadequacies of his state remedies to redress the deprivation. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986).
 
 
 5
 Finally, we note that many of the claims raised by plaintiff in his complaint were not addressed by the district court. We conclude that these claims, however, are likewise baseless and did not warrant separate explicit consideration by the district court. See Hewitt v. Helms, 459 U.S. 460, 468 (1983) (no liberty interest in being housed in a particular place in prison); Altizer v. Paderick, 569 F.2d 812 (4th Cir.1978) (no inherent constitutional right to particular prison job); Bryan v. Werner, 516 F.2d 233 (3rd Cir.1975) (same); Newell v. Davis, 563 F.2d 123, 124 (4th Cir.) (no 13th amendment violation of prohibition against involuntary servitude when prisoner forced to work without pay), cert. denied, 453 U.S. 907 (1978). No state created liberty or property interest is otherwise alleged or apparent.
 
 
 6
 The judgment of the district court is hereby affirmed.