936 F.2d 567
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anthony D. FIGUEROA, Plaintiff-Appellant,
v.
Michael QUINLAN, Patrick Whalen, Les Ruth, Mr. Cline, Mr.
Urbanik, Defendants-Appellees.
Anthony D. FIGUEROA, Plaintiff-Appellant,
v.
Michael J. QUINLAN, Director, U.S. Bureau of Prisons,
Patrick Whalen, Warden of FCI Petersburg,
Defendants-Appellees.
 Nos. 91-6767, 91-7019.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1991.
Decided July 2, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CA-90-1624-N, CA-90-1629-N)
 Anthony D. Figueroa, appellant pro se.
 E.D.Va.
 NO. 91-6767 AFFIRMED AS MODIFIED AND NO. 91-7019 AFFIRMED.
 Before MURNAGHAN, WILKINSON and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony D. Figueroa, an inmate at the Federal Correctional Institution in Petersburg, Virginia, appeals the district court's dismissal of his two civil rights complaints filed under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), for failure to exhaust administrative remedies. Because Figueroa seeks monetary and injunctive relief in No. 91-7019 the district court properly required that he exhaust his administrative remedies through the prison grievance process and properly dismissed his suit without prejudice when he failed to show he had exhausted these remedies. See Veteto v. Miller, 794 F.2d 98 (3d Cir.1986); Miller v. Stanmore, 636 F.2d 986 (5th Cir.1981).
 
 
 2
 However, exhaustion is usually unnecessary when only monetary damages are sought, as is the case in No.91-6767. As stated by the Third Circuit, Congress has not empowered the Bureau of Prisons to provide damages through its grievance process. Therefore, little purpose is served by requiring an inmate to exhaust administrative remedies when the administrative process cannot provide the remedy requested. Muhammad v. Carlson, 739 F.2d 122 (3d Cir.1984); see also Goar v. Civiletti, 688 F.2d 27 (6th Cir.1982); but see Hessbrook v. Lennon, 777 F.2d 999 (5th Cir.1985); Brice v. Day, 604 F.2d 664 (10th Cir.1979), cert. denied, 444 U.S. 1086 (1980). Administrative exhaustion should not be required in Bivens actions seeking only monetary relief because the available administrative remedy is inadequate.
 
 
 3
 We, however, decline to remand No. 91-6767 to the district court because Figueroa's complaint is frivolous. There is no constitutional right to rehabilitation. Bowring v. Godwin, 551 F.2d 44, 48 n. 2 (4th Cir.1977). Additionally, work assignments are within the discretion of prison officials and no hearing is required prior to termination. Altizer v. Paderick, 569 F.2d 812 (4th Cir.), cert. denied, 435 U.S. 1009 (1978).
 
 
 4
 Accordingly, we affirm the district court's decision in No. 91-7019. In No. 91-6767 we affirm the district court's dismissal but modify the decision to show that the dismissal is with prejudice.
 
 
 5
 No. 91-6767, AFFIRMED AS MODIFIED.
 
 
 6
 No. 91-7019, AFFIRMED.