Jackie Ray BEASLEY, Plaintiff,

v.

William DUNCIL, et al, Defendants.

William Anthony WAGNER, et al, Plaintiffs,

v.

The Honorable Gaston CAPERTON, Defendant.

Ella HUNLEY, et al, Plaintiffs,

v.

Joseph J. SKAFF, et al, Defendants.

Civ. A. Nos. 2:91–0543, 2:92–0001 and 5:92–0053.

United States District Court, S.D. West Virginia, Charleston and Beckley Divisions.

May 28, 1992.

Jackie Ray Beasley, pro se.

Jan L. Fox, Deputy Atty. Gen., Mary Beth Kershner, Asst. Pros. Atty., Charleston, W.Va., for defendants in Civ. A. No. 2:91–0543.

William Anthony Wagner and James William Berry, pro se.

Daniel F. Hedges, Appalachian Research & Defense Fund, Inc., Charleston, W.Va., for Hunley.

Thomas R. Michael, Michael & Kupec, Clarksburg, W.Va., for Eaton.

Jan L. Fox, Deputy Atty. Gen., Charleston, W.Va., for defendants in Civ. Nos. 2:92–001 and 5:92–0053.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

The above referenced actions were previously referred to the Honorable Jerry D. Hogg, United States Magistrate Judge, for submission to this Court of a Report–Recommendation. Magistrate Judge Hogg submitted a Report–Recommendation and recommended that the above three cases be consolidated for joint resolution since they are controlled by the same legal principles. Pending are motions to dismiss. It is ORDERED that these actions are combined for purposes of this Memorandum Opinion and Order. It is further ORDERED that the above referenced civil actions are dismissed and stricken from the docket of the Court since under the laws and regulations of West Virginia there is not liberty right implicated when an inmate is removed from a community based work release program.

■ Each Plaintiff has filed a complaint alleging that his or her termination from participation in the West Virginia work release program violated due process of law guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. Each Plaintiff was administratively transferred from a work release center to a more restrictive correctional environment without an administrative hearing. Each Plaintiff asserts that there is a liberty right in work release and as such due process protections apply prior to termination from such a program.

The Court previously dismissed as frivolous the action brought by Jackie Ray Beasley. The United States Court of Appeals for the Fourth Circuit reversed this Court's dismissal. *Beasley v. Duncil*, 952 F.2d 395 (table) (unpublished) (4th Cir. 1991). The matter was remanded for this Court to consider "whether West Virginia grants a liberty right in work release, and if so, whether due process was afforded." *Id.* at p. 3.

■ Absent a state created liberty right, assignment to a work release center is within the discretion of prison officials and a hearing prior to termination is not required. *Altizer v. Paderick*, 569 F.2d 812 (4th Cir.) cert. denied, 435 U.S. 1009, 98 S.Ct. 1882, 56 L.Ed.2d 391 (1978); *Gaston v. Taylor*, 946 F.2d 340 (4th Cir.1991) (en banc). Statutory authority for the establishment of work and study release centers in West Virginia is set forth in *W.Va.Code*, § 25–1–3, which provides as follows:

> "The commissioner is *hereby authorized* to establish work and study release units as extensions and subsidiaries of those state institutions under his control and authority. Such work and study release units may be coeducational and may be managed, directed and controlled as provided for in this article. This statute *authorizes* the commissioner of the division of corrections to establish work and study release units as extensions and subsidiaries of those state institutions under his control and authority." (Emphasis added).

Authority to transfer inmates is embodied in *W.Va.Code*, § 25–1–16 which provides as follows:

> "The state commissioner of public institutions [corrections] shall have authority to cause the transfer of any patient or inmate from any state institution or facility to any other state or federal institution or facility which is better fitted for the care or treatment of such patient or inmate, *or for other good cause or reason.*" (Emphasis added).

Based upon this statutory authority, the division of corrections adopted policy directives relating to administrative returns from work release. Policy directive 664.04 provides in relevant part:

"(1) Inmates *may* be administratively returned to the appropriate institution upon authorization by the commissioner or his designee.

(2) Justification for return *may* include: ... (C) other individual needs as deemed appropriate by the inmate and/or the division of corrections."

Based upon these statutory enactments and regulations, the Court concludes that West Virginia does not grant a liberty right in work release. All the language is discretionary and not mandatory in nature and as such no liberty right is created. See *Paoli v. Lally*, 812 F.2d 1489 (4th Cir.) cert. denied, 484 U.S. 864, 108 S.Ct. 184, 98 L.Ed.2d 137 (1987). Moreover, a similar statutory scheme establishing work release was found not to create a state liberty right. *Gaston v. Taylor, supra.*

Accordingly, the Court concludes that there is no state created liberty right to work release in West Virginia. It is unnecessary to determine whether due process was afforded each of the Plaintiffs when work release was revoked since no liberty interests were at stake.

The Court ORDERS that the above referenced civil actions are dismissed, pursuant to *Rule* 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.