966 F.2d 1443
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Debra NOLAND, Plaintiff-Appellant,
and
Diarl NOLAND Sr., Husband; Camillia Noland, Daughter; Diarl
Noland, Jr., Son, Plaintiffs,
v.
Raymond ANDREWS, Warden; Dr. Wilson, Part-time physician at
FPC; Dr. Keizer, Medical Director at FPC; Brenda
Brozell, Physician's Assistant,
Defendants-Appellees.
 No. 92-6181
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 18, 1992
 Decided: June 29, 1992
As Amended July 21, 1992.
 
 Debra Noland, Appellant Pro Se.
 Stephen Michael Horn, Assistant United States Attorney, Charleston, West Virginia, for Appellees.
 Before PHILLIPS and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Debra Noland appeals from the district court's order dismissing her civil action for injunctive relief against the warden and medical personnel at Alderson Federal Correctional Institution where she is presently incarcerated. Noland, who suffers from a serious seizure disorder and other medical problems, sought injunctive relief from the Defendants' alleged failure to provide her with adequate medical care. The district court, adopting the magistrate judge's Report and Recommendation,1 dismissed this action for Noland's failure to exhaust administrative remedies. We affirm as modified.
 
 
 2
 Federal inmates seeking injunctive relief for violations of their constitutional rights by federal officials must first exhaust the federal Bureau of Prison's administrative grievance process set forth in 28 C.F.R. Part 542 (1991), Veteto v. Miller, 794 F.2d 98 (3d Cir. 1986), unless administrative exhaustion would be futile. Lyons v. United States Marshals, 840 F.2d 202 (3d Cir. 1988). Because the Bureau of Prisons is not authorized to award monetary damages, the Supreme Court recently held that Bivens[2] actions seeking damages from federal officials need not be administratively exhausted. McCarthy v. Madigan, 60 U.S.L.W. 4191 (U.S. Mar. 4, 1992). The administrative exhaustion requirement remains intact, however, where only injunctive relief is requested.
 
 
 3
 This record reveals that Noland instituted an administrative complaint raising allegations substantially similar to those raised in the present action during the course of these proceedings. However, there is no indication that she has pressed her complaint to the general counsel level-the final step in the administrative process. The urgency of Noland's claim and her fear of retaliation do not warrant an exception to the administrative exhaustion requirement, for both of these concerns are adequately addressed by the regulations. See 28 C.F.R. §§ 542.13(c), 542.14.
 
 
 4
 We therefore affirm the district court's dismissal of this action for failure to exhaust administrative remedies, but modify the court's judgment to state that the dismissal is without prejudice to allow for the possibility of refiling this action, if and when the administrative process is completed. See Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991); Greene v. Meese, 875 F.2d 639, 643 (7th Cir. 1989). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED
 
 
 [1]
 This action was referred to a magistrate judge under 28 U.S.C.A. § 636(b)(1)(B) (West Supp. 1991)
 
 
 [2]
 Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)