36 F.3d 1092
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Chester James DOLES, Plaintiff-Appellant,
v.
William L. SMITH, Warden; Officer Williams, Defendants-Appellees.
 No. 94-6791.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 6, 1994.
Decided Sept. 27, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, District Judge. (CA-94-705-DKC)
 Chester James Doles, appellant pro se.
 Joseph A. Curran, Atty. Gen. of Maryland, Stephanie Judith Lane-Weber, Asst. Atty. Gen., Baltimore, MD, for appellees.
 D.Md.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before HALL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Chester James Doles, a Maryland prisoner, appeals the district court's dismissal of his complaint pursuant to 42 U.S.C. Sec. 1983 (1988), on Defendants' summary judgment motion. For the reasons set forth below, we affirm in part, and vacate and remand in part for further proceedings.
 
 
 2
 Doles claimed that while in the recreation yard on protective custody, he was struck on the head and neck by another inmate with a one hundred pound dumbbell, while Defendant Williams, a correctional officer, watched without intervening on Doles's behalf. Doles stated that the reason behind the attack is Doles's status as the "Imperial Wizard of the Territorial Klans of America, Knights of the Ku Klux Klans." The record revealed that Doles's neck was tender and painful to the touch, and that he was sent for x-rays to rule out a fracture. Doles stated that while both he and the other inmate received disciplinary infractions, and both were found not guilty, Doles was placed on "recreation alone" status and kept on twenty-three hour lock-down. Finally, Doles also claimed that he is being denied participation in school and trade courses, religious activities, and group functions. Doles sought monetary damages, and a transfer to a prerelease institution.
 
 
 3
 The record revealed that due to his Ku Klux Klan affiliation, Doles had been on protective custody, and denied group recreation, since his arrival at the institution. At Doles's request for group recreation, and after consideration by prisons authorities, Doles was allowed group recreation. The altercation between Doles and Reginald English, another inmate, occurred within a week of the committee's lifting of Doles's "recreation alone" status. Defendants attested that the necessity for Doles to be on protective custody because of his Ku Klux Klan affiliation prevents him from being allowed to work and attend school, where he would necessarily be in contact with other inmates.
 
 
 4
 According to Defendants' affidavit, Williams observed Doles and English facing one another, each with a dumbbell in his hands, posed in a fighting stance. Williams immediately ordered both inmates to cease their behavior, which they did. According to Defendants, Williams witnessed no fight, but countered the hostility between Doles and English by ordering them to "break it up." There is no dispute that the assaulting inmate was not on Doles's enemy list.
 
 
 5
 In response to Defendants' summary judgment motion, Doles filed an affidavit in which he attested that Williams "never said anything [about breaking up the fight], in fact he stood their [sic] watching as inmate English attacked and assaulted me. Making no attempt to call for help or to intervene his self [sic]." The remainder of Doles's affidavit related to his request for a transfer to another institution.
 
 
 6
 Summary judgment is appropriate only when there is no genuine issue of material fact that could lead a trier of fact to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir.1990) (en banc), cert. denied, 498 U.S. 1109 (1991). "In determining whether to grant summary judgment, all justifiable inferences must be drawn in favor of the non-movant." Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir.1990) (citing Anderson, 477 U.S. at 255). The non-movant is entitled "to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted,[and] all internal conflicts [ ] resolved favorably to him." Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.1979). This Court reviews de novo a district court's grant of summary judgment. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.1994), petition for cert. filed, 62 U.S.L.W. 3827 (U.S. May 26, 1994) (No. 93-1893). To raise a genuine issue of material fact, Doles may not rest upon the mere allegations or denials of his pleadings. Fed.R.Civ.P. 56(e). Rather, he must present evidence supporting his position through "deposition, answers to interrogatories, and admissions on file together with ... affidavits, if any." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 7
 We find first that the district judge's grant of summary judgment on the issue of Doles's request for transfer to another institution was proper. See Paoli v. Lally, 812 F.2d 1489, 1492-93 (4th Cir.1987) (Maryland prisoners have no liberty interest in transfer to a particular institution), cert. denied, 484 U.S. 864 (1987). In addition, we find proper the district court's grant of summary judgment on Doles's claim that his confinement in protective custody, including his lockdown for twenty-three hours a day, preclusion from school, work, religious activities, and group recreation violated his constitutional rights. Segregated confinement, including isolation from companionship, restriction of intellectual activity, and prolonged inactivity, do not per se amount to a violation of the Eighth Amendment. See Allgood v. Morris, 724 F.2d 1098, 1101 (4th Cir.1984); Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854, 860-62 (4th Cir.1975). The facts are undisputed that Doles was on protective custody since the beginning of his incarceration, and before the altercation and its results which form the basis of his complaint.
 
 
 8
 Moreover, Doles has failed to demonstrate actual injury resulting from his stay on protective custody, as required by Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir.), cert. denied, 62 U.S.L.W. (U.S.1993). See also Magee v. Waters, 810 F.2d 451, 452-53 (4th Cir.1987). Finally, there is no constitutional entitlement to work assignments or education during incarceration. See Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir.), cert. denied, 435 U.S. 1009 (1978) (work assignments are within the discretion of prison officials); see also Holmes v. Robinson, 578 A.2d 294 (Md. Ct. Spec.App.1990) (no state-created liberty interest in a particular work assignment in Maryland--assignments are subject to discretion of prison officials), cert. denied, 583 A.2d 275 (Md.1991). Accordingly, we affirm the district court's grant of summary judgment in favor of Defendants on this claim as well.
 
 
 9
 The remaining issue on appeal is whether the district judge erred in dismissing Doles's complaint on Defendants' summary judgment motion where Doles attested that Defendant Williams stood by and watched another prisoner assault him without interceding. The Eighth Amendment prohibition against cruel and unusual punishment imposes upon correctional officers the obligation to protect inmates from harm by other inmates. See, e.g. Smith v. Marcantonio, 910 F.2d 500, 501 (8th Cir.1990). To succeed on his claim of failure to protect, Doles must show that Williams had knowledge of a substantial or pervasive risk of serious harm, and acted with deliberate indifference to Doles's safety by failing to correct the situation. See Farmer v. Brennan, 62 U.S.L.W. 4446, 4452 (U.S.1994); Moore v. Winebrenner, 927 F.2d 1312, 1315 (4th Cir.), cert. denied, 60 U.S.L.W. 3259 (U.S.1991); see also Wright v. Jones, 907 F.2d 848, 850 (8th Cir.1990) (a prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault).
 
 
 10
 In granting summary judgment for Defendants, the district court held that Doles had not raised "a genuine issue of material fact" as to whether Williams acted with deliberate indifference when Doles was attacked. In making this determination, the district court necessarily believed Defendants' version of the story over Doles's. Defendants attested, through the affidavit of the prison litigation specialist, that Williams did not witness the attack of Doles by the assaulting inmate. They further attested that Williams only saw the two inmates facing each other in a fighting stance, and told them to "break it up," which they did. In direct dispute, Doles attested that Williams stood there and watched the other inmate attack Doles, and did nothing until Doles requested medical assistance from him. Had Williams in fact stood by watching while English hit Doles with a dumbbell, doing nothing to assist Doles, as Doles attested, this inaction might well state a viable claim of deliberate indifference. In contrast, if Williams did not witness the incident, but rather saw the two inmates posed ready to assault each other, and immediately ended the assault merely by telling them to stop, deliberate indifference is not established.
 
 
 11
 Here, Doles's affidavit contains factual allegations establishing a prima facie case for relief under 42 U.S.C. Sec. 1983. A fair reading of the record, construed in the light most favorable to Doles, reveals a genuine issue of material fact as to whether Williams saw the assault and failed to intercede in deliberate indifference to Doles's safety, or whether he intervened or otherwise acted to end the assault. Because the outcome of the case depends on the resolution of disputed facts which will turn mostly on credibility, we find that the case should proceed to a fact finder. Accordingly, we vacate the district court's grant of summary judgment on this issue, and remand for further proceedings.
 
 
 12
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 13
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.