**Samuel J.M. DAVIS, Jr., Plaintiff–Appellant,**

v.

**P.W. KEOHANE, Warden, et al., Defendants–Appellees.**

No. 87–5522.

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs Nov. 10, 1987.

Decided Dec. 22, 1987.

Samuel J.M. Davis, Jr., pro se.

W. Hickman Ewing, U.S. Atty., Memphis, Tenn., Robert M. Williams, Jr., for defendants-appellees.

Before ENGEL, MERRITT and (NORRIS), Circuit Judges.

PER CURIAM.

This pro se federal prisoner appeals the district court's judgment dismissing his *Bivens*-type suit as frivolous pursuant to 28 U.S.C. § 1915(d). *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).

Plaintiff sued the warden and mail room officer of the Federal Correctional Institution in Memphis, Tennessee, where he was formerly incarcerated. Plaintiff alleged that the defendants are violating his constitutional rights by refusing to forward his mail to the Federal Correctional Institution in Seagoville, Texas, where he is presently incarcerated. The district court dismissed the suit for failure to state a claim.

Upon review, we affirm the dismissal for reasons other than those stated by the district court. *See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.,* 772 F.2d 214, 216 (6th Cir.1985).

Under the circumstances of this case, where available administrative remedies are as likely as the judicial remedy to provide the desired relief, a district court should dismiss the suit for failure to first exhaust administrative remedies rather than address the merits of the claim. This practice is consistent with the federal courts' policy of exercising judicial restraint in matters within the expertise of prison administrators and will allow speedy and consistent resolution of claims that may concern many prisoners. *See Veteto v. Miller,* 794 F.2d 98 (3d Cir.1986) (federal prisoner seeking injunctive or mandatory relief must exhaust administrative remedy provided in regulations promulgated by Director of Bureau of Prisons prior to seeking relief in district court regardless of whether prisoner also asserts claim for damages); *Pyles v. Carlson,* 698 F.2d 1131 (11th Cir.1983) (federal prisoner's allegations that officials opened newsletter and letter from attorney were properly dismissed where prisoner failed to exhaust prison grievance procedures); *Jones v. Carlson,* 495 F.2d 209 (5th Cir.1974) (inmates of federal penitentiaries could not maintain action for injunctive and other relief from alleged interference with their correspondence concerning pending litigation absent exhaustion of administrative remedies in accordance with policy statement of Bureau of Prisons); *Vida v. Cage,* 385 F.2d 408 (6th Cir.1967) (exhaustion of administrative remedies requires that Director of Prisons be advised of warden's

alleged failure to answer inmate's request for permission to communicate); *Bijeol v. Benson,* 404 F.Supp. 595 (S.D.Ind.1975) (federal prisoners must demonstrate attempt to exhaust their administrative remedies in accordance with Bureau of Prisons policy before seeking judicial relief).

Plaintiff states that exhaustion through the Bureau of Prisons is futile. This unsupported conclusion does not excuse plaintiff from complying with the exhaustion requirement which we pronounce in this case. *Cf. Morgan v. Church's Fried Chicken,* 829 F.2d 10 (6th Cir.1987); *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987); *Chapman v. City of Detroit,* 808 F.2d 459 (6th Cir.1986). Only where the plaintiff has clearly shown that exhaustion would be futile or unable to afford him the relief he requests should exhaustion of remedies before the Bureau of Prisons be excused. *Cf. Goar v. Civiletti,* 688 F.2d 27 (6th Cir.1982).

For the foregoing reasons, the district court's judgment is hereby affirmed without prejudice to plaintiff's right to refile his suit should exhaustion of his administrative remedies not obtain the relief he requests. Rule 9(b)(5), Rules of the Sixth Circuit.