848 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marion J. RUSSELL, Jr., Anthony P. Decologero, John J.
Peluso, Carlos A. Sierra, George William Smith, George
Williams, Jr., Norman Burton Williams, III, Leslie Z.
Wilson, Charles R. Wren, Jr., and George H. Zeisner,
Plaintiffs- Appellants,
v.
Edwin MEESE, III, et al., Defendants-Appellees.
 No. 87-6011.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1988.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 These pro se plaintiffs have filed an interlocutory appeal from an order of the district court entered in their civil action filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). They now move for a change of venue and the appointment of counsel. Defendants, on the other hand, have moved to dismiss the appeal for want of jurisdiction. Upon review of the record and the brief submitted by plaintiffs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiffs, all of whom are inmates at the Federal Correctional Institution in Lexington, filed a Bivens-type action in the district court for the Eastern District of Kentucky based upon the claim that physical conditions at that facility were so lacking as to violate eighth amendment prohibitions against cruel and unusual punishment. In conjunction with the complaint, plaintiffs also filed motions for certification of the case as a class action, a change of venue and a preliminary injunction. A magistrate for the district court determined that such relief was unwarranted in this case and recommended the denial of those motions. In addition, the magistrate recommended the dismissal of the complaint as to some of the defendants. After consideration of plaintiffs' objections, the district court concurred in the magistrate's conclusions and in an order entered August 27, 1987, denied the motion for class certification, a change of venue and a preliminary injunction and dismissed the complaint as to some of the defendants. Plaintiffs subsequently filed this interlocutory appeal.
 
 
 3
 Defendants now move to dismiss the appeal based upon the argument that plaintiffs are seeking review of a non-final judgment. That portion of the district court's order which denied plaintiffs' motion for a preliminary injunction, however, is immediately appealable pursuant to 28 U.S.C. Sec. 1292(a)(1) and this court may therefore under the appropriate circumstances exercise its plenary jurisdiction to address the other questions decided in that order. Alexander v. Aero Lodge No. 735, 565 F.2d 1364, 1370 (6th Cir.1977), cert. denied, 436 U.S. 946 (1978). Consideration of the reasoning contained in that opinion, however, leads the court to conclude that it would be improvident to review any issues other than the denial of injunctive relief at this time. Accordingly, defendants' motion to dismiss the appeal is hereby denied, but the court sua sponte declines to exercise its jurisdiction to review those portions of the district court's order of August 27, 1987, which dismissed the complaint as to some of the defendants and denied plaintiffs' motions for class certification and a change of venue. Upon the entry of a final judgment, plaintiffs may renew their objections to those actions by filing a new appeal.
 
 
 4
 That portion of the district court's order which denied plaintiffs' request for a preliminary injunction, on the other hand, is properly before the court at this time by virtue of 28 U.S.C. Sec. 1292(a). Review of the record in light of the standards governing such motions, however, discloses that the district court did not abuse its discretion in denying the motion for preliminary injunction. See Christy v. City of Ann Arbor, 824 F.2d 489 (6th Cir.1987); Black Law Enforcement Officers Ass'n v. City of Akron, 824 F.2d 474 (6th Cir.1987). In particular, the district court correctly determined that an injunction is not warranted at this time as plaintiffs' failure to exhaust administrative remedies available to them renders it unlikely that they will ultimately succeed on the merits of their claim. Davis v. Keohane, 835 F.2d 1147 (6th Cir.1987) (per curiam).
 
 
 5
 For the above reasons plaintiffs' motions for appointment of counsel and a change of venue are hereby denied and the district court's order of August 27, 1987, insofar as it denied the motion for a preliminary injunction, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.