859 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Antonio TORRES, aka Henry Pobero, Plaintiff-Appellant,
v.
Bill R. STORY, Warden, Mr. W. Peters, Chief Records Officer,
Officer Willis, Correctional Officer Custodial,
Defendants-Appellees.
 No. 88-5284.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1988.
 
 1
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and ROBERT M. McRAE, Senior District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's order dismissing his civil rights complaint without prejudice. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In a complaint filed pursuant to the doctrine announced in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), Antonio Torres claimed that defendants interfered with his mail in violation of his first and fourth amendment rights. He alleged that defendants opened and inspected his outgoing legal mail and removed a document before resealing the envelope for delivery. The confiscated document, a copy of plaintiff's presentence investigation report, was determined to be contraband and was returned to the parole board by defendants. Torres sought monetary, declaratory, and injunctive relief.
 
 
 4
 The matter was referred to a magistrate who determined that Torres failed to exhaust administrative remedies and recommended that the complaint should be dismissed without prejudice to Torres' right to refile his claim. Torres objected, asserting that exhaustion would be futile. Upon review in light of the objections, the district court adopted the magistrate's recommendation and dismissed the complaint.
 
 
 5
 On appeal, Torres argues that administrative procedures do not provide an acceptable remedy for constitutional violations.
 
 
 6
 We conclude that the district court properly dismissed Torres' complaint for the failure to exhaust administrative remedies. See Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987). Moreover, dismissal was proper because Torres did not support his allegations of futility. An unsupported conclusion that exhaustion is futile does not excuse a federal prisoner from complying with the exhaustion requirement. Davis, 835 F.2d at 1149.
 
 
 7
 Accordingly, the district court's order filed February 29, 1988, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert M. McRae, Jr., Senior U.S. District Judge for the Western District of Tennessee, sitting by designation