887 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES McFADDEN, Plaintiff-Appellant,
v.
Bill R. STORY, Warden; C.D. Morton, Unit Manager; R.
Riggs, Unit Counsel; Mrs. K. Highland, Officer;
Mr. Egan, Food Administrator; Vernon
Strubeck, D.O., Defendants-Appellees.
 No. 89-5313.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1989.
 
 1
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 
 ORDER
 
 2
 James McFadden, a federal prisoner, moves for appointment of counsel on appeal from the judgment in this action filed under authority of Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 McFadden sued several employees of the Federal Correctional Institution, Ashland, Kentucky, seeking compensatory and punitive damages. He alleged that the defendants had conspired to subject him to cruel and unusual punishment by assigning him to a work detail in food service which required him to wear hard shoes in contradiction to orders from a podiatrist. He also alleged being restricted in access to the law library, and denied a legal telephone call. All of the above treatment was alleged to be in retaliation for McFadden's complaints to the Regional Director of the Bureau of Prisons. The district court granted defendants' motion to dismiss or for summary judgment, holding that McFadden was required to exhaust administrative remedies prior to seeking relief in the courts.
 
 
 4
 Upon consideration, we conclude that the district court's judgment must be vacated. A plaintiff is not required to exhaust administrative remedies when the administrative procedure cannot provide the relief requested. Davis v. Keohane, 835 F.2d 1147, 1148-49 (6th Cir.1987) (per curiam); Goar v. Civiletti, 688 F.2d 27, 28-29 (6th Cir.1982). In this case, McFadden sought only monetary relief, which is not available through the administrative grievance process. Moreover, he was transferred to another federal prison during the pendency of this suit, which effectively rendered the administrative procedure futile. We do not agree with the district court that plaintiff was required to pursue administrative remedies solely for the purpose of establishing a factual record, when the same result may be obtained through normal discovery procedures.
 
 
 5
 Accordingly, plaintiff's motion for counsel is denied, the district court's judgment is vacated, and this case is remanded for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation