895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lloyd J. BALLIVIERO, Petitioner-Appellant,
v.
O.I. WHITE, Warden, Respondent-Appellant.
 No. 89-5541.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1990.
 
 1
 Before KEITH and KRUPANSKY, Circuit Judges, and ANNA DIGGS TAYLOR, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Lloyd Balliviero appeals the district court's judgment dismissing his claim for "just compensation" based on allegedly wrongful action on the part of defendants. Balliviero styled this action as a petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241. By order dated February 22, 1989, the district court construed this case as containing an action arising under the Federal Tort Claims Act, or alternatively, as a Bivens-type action.
 
 
 4
 Balliviero alleged that when he entered the Federal Correctional Institution (FCI) in Memphis, Tennessee, he purchased a small and a large radio from the prison commissary. He further alleged that upon arriving at FCI, he was required to mail one of the two radios out of the institution. He elected to mail the small radio which was eventually lost in the mail. Because of changes in prison regulations, Balliviero alleged that he is now required to dispose of his large radio and purchase a smaller radio. He contends that this change in rule results in his losing his larger radio and having to incur costs for the purchase of another radio. This, he claims, is a taking without just compensation. The district court determined that, to the extent that Balliviero sought to obtain damages from a United States agency, there was no showing that he made use of the administrative procedure under the Federal Tort Claims Act. The court further determined that, to the extent that Balliviero sought relief because of the change in prison policy, he failed to allege exhaustion of available administrative remedies. The district court concluded that Balliviero's claim was baseless and dismissed the case as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 5
 Upon review, we affirm the dismissal for reasons other than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985).
 
 
 6
 First, Balliviero's claim that he did not file this action in forma pauperis because he paid the requisite filing fee is without merit. Although styled under the shield of a 28 U.S.C. Sec. 2241 writ of habeas corpus action, Balliviero's claim for "just compensation" for allegedly wrongful conduct on the part of the FCI prison officials is nothing more than a challenge relating to the conditions of his confinement which is reviewable as a civil rights suit and not a habeas action. Consequently, his lawsuit is a civil action other than a habeas corpus suit and requires the payment of $120 as the requisite filing fee. See 28 U.S.C. Sec. 1914(a). Because Balliviero has not demonstrated the payment of the requisite filing fee for his particular civil action, the district court did not err in finding Balliviero without sufficient funds to proceed in this action.
 
 
 7
 Second, Balliviero has demonstrated an attempt to exhaust administrative remedies in accordance with Bureau of Prisons policy before seeking judicial relief. Essentially, Balliviero seeks "just compensation" as a remedy for the cost he must incur in purchasing a small radio as a result of new prison regulations prohibiting the use of large radios by inmates. A claim against federal officers or agents which seeks to challenge the conditions relating to a federal prisoner's confinement may be construed as a Bivens-type action. However, Balliviero must exhaust administrative remedies as a prerequisite to establishing his cause of action. See Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam). In his request for reconsideration, Balliviero has attached documents relating to his repeated challenges to the prison policy regulating large radios. These documents concern the application of the prison regulation and address a claim for monetary relief. The claim was thus properly presented to the appropriate administrative agency.
 
 
 8
 Nonetheless, Balliviero's complaint is frivolous within the meaning of 28 U.S.C. Sec. 1915(d). See Neitzke v. Williams, 109 S.Ct. 1827 (1989). Balliviero's claim lacks an arguable basis in law. His claim is utterly baseless because the Federal Correctional Institution has the authority to promulgate rules and regulations which ensure the maintenance and preservation of order, discipline and security within the institution. See Bell v. Wolfish, 441 U.S. 520, 545-47 (1979). The fact that the prison regulation impacts on Balliviero and thus requires him to incur costs in the purchase of another, smaller radio, does not rise to a level of a constitutional magnitude.
 
 
 9
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation