900 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie Lee ALSTON, Petitioner-Appellant,
v.
John GLUCH, Respondent-Appellee.
 No. 89-1803.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 Before MERRITT, Chief Judge, RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ronnie Lee Alston appeals the dismissal of his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2241. Alston filed his petition alleging that prison employees delayed his legal mail, refused him access to legal files, and interfered with his access to Bureau of Prisons administrative remedies. Thereafter, Alston moved the district court to amend his petition and later sought to assert a claim filed under the authority of Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The district court denied the motion to amend and dismissed the petition. Upon consideration, we conclude that the dismissal was proper.
 
 
 3
 First, the district court was within its discretion in denying the motion to amend the petition. See Head v. Jellico Housing Auth., 870 F.2d 1117, 1123-24 (6th Cir.1989). Petitioner's allegations are vague and conclusory. Petitioner did not adequately allege an actual impediment to his access to the courts. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Thus, petitioner did not allege a Bivens claim.
 
 
 4
 Second, petitioner has not been prejudiced in any claim he may be able to more clearly allege. The district court correctly noted that petitioner may yet file a Bivens action, although petitioner must clearly show how he was prejudiced and must show that he has exhausted available administrative remedies. See Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.