905 F.2d 1538
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mildred MILLER; Plaintiff-Appellant,
Ramona Chickaway; Elizabeth Durre; Mary Jean McQuarie;
Medina Amparo; Linda Nabors; Connie Pucci Plaintiffs,
v.
U.S. DEPARTMENT OF JUSTICE, the Bureau of Prisons, Warden
Kane, Lexington Prison, Defendants-Appellees.
 No. 89-6034.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1990.
 
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Mildred Miller is a pro se federal prisoner who appeals the dismissal of a Bivens -type civil rights action. Cf. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Her case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Miller and several other inmates filed a complaint alleging unconstitutional treatment at the Federal Correctional Institution in Lexington. They also moved for a temporary restraining order requesting in part that the prison be torn down because of asbestos contamination. A hearing was held before a magistrate, who recommended that the plaintiffs' motion be denied and that their case be dismissed. The district court entered separate orders that adopted each of these recommendations.
 
 
 3
 Initially, we note that the notice of appeal was only signed by Mildred Miller. Therefore, this appeal shall be dismissed as to each of the other plaintiffs for lack of jurisdiction. Minority Employees of the Tenn. Dep't of Employ.Sec., Inc. v. Tennessee, No. 88-5429 (6th Cir. April 26, 1990) (en banc); Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986).
 
 
 4
 The denial of a temporary restraining order is within the sound discretion of the district court. See N.A.A.C.P. v. City of Mansfield, Ohio, 866 F.2d 162, 166 (6th Cir.1989). The court did not abuse its discretion here because the relief requested was not necessary to prevent irreparable injury to the plaintiffs and because the plaintiffs did not show a substantial likelihood of success on the merits. This is so because the record shows that the defendants were not deliberately indifferent to the plaintiffs' needs.
 
 
 5
 The district court correctly held that the plaintiffs had not exhausted their administrative remedies. An administrative remedy is available under 28 C.F.R. Part 542, Secs. 542.13 and 542.15 (1989). See Davis v. Keohane, 835 F.2d 1147, 1148-49 (6th Cir.1987). Resort to administrative remedies is only futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." James v. United States Dep't of Health and Human Services, 824 F.2d 1132, 1139 (D.C.Cir.1987). However, the defendants' actions here have demonstrated their willingness to address the plaintiffs' claim. Miller's conclusory allegations to the contrary are not sufficient to excuse the exhaustion requirement even though the plaintiffs have arguably requested monetary as well as injunctive relief. See Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982).
 
 
 6
 Miller's other arguments are also without merit. First, the defendants' failure to file an answer did not create a basis for default because they had been granted an extension that was still in force when the case was dismissed. Second, the plaintiffs were not entitled to summary judgment, despite the defendants' failure to respond to their motion, because the availability of administrative remedies precluded the entry of a judgment in their favor as a matter of law. Finally, 28 U.S.C. Sec. 636(b)(1)(B) clearly authorized the referral of Miller's prison conditions suit to the magistrate for a report and recommendation without the plaintiffs' consent.
 
 
 7
 Accordingly, it is hereby ORDERED that this appeal be dismissed for lack of jurisdiction with regards to the plaintiffs: Ramona Chickaway, Elizabeth Durre, Mary Jean McQuarie and Medina Amparo. Rule 9(b)(1), Rules of the Sixth Circuit. It is further ORDERED that the district court's denial of the plaintiffs' motion for a temporary restraining order and its dismissal of the plaintiffs' case are affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.