905 F.2d 1539
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Isaac W. THOMAS, Petitioner-Appellant,
v.
UNITED STATES of America, Michael J. Quinlan, Director
Bureau of Prisons; O.I. White, Warden, F.C.I. Memphis,
Tennessee, Queen Thomas, Records Employee, F.C.I. Memphis,
Richard Thornburg, U.S. Attorney General, Respondents-Appellees.
 No. 89-6175.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1990.
 
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Isaac W. Thomas appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241. The government moves to dismiss the appeal as moot because Thomas has been released from federal custody. Upon consideration, we deny the motion to dismiss and conclude that the dismissal of Thomas' petition was proper.
 
 
 3
 It is not clear that the appeal is moot because it is unclear whether petitioner sought both habeas relief and relief under the authority of Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In either event, petitioner is required to exhaust available administrative remedies. See Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam); Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam). Petitioner's contention on appeal that he exhausted available remedies is unsubstantiated.
 
 
 4
 Accordingly, we affirm the judgment of the district court for the reasons stated in its order filed August 18, 1989, without prejudice to petitioner's right to refile upon a showing of exhaustion of available administrative remedies. Rule 9(b)(5), Rules of the Sixth Circuit.