983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edith SCHOOR, Plaintiff-Appellant,
v.
Richard THORNBURGH, U.S. Attorney General; Michael Quinlan,
Director, Bureau of Prisons; Margaret Hambrick, Warden, FCI
Lexington; Peggy Carter, Chief of Medical Records at FCI;
United States of America; Federal Bureau of Prisons,
Defendants-Appellees.
 No. 92-5699.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1992.
 
 Before RALPH B. GUY, JR. and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This is an appeal from a district court denial of a pro se complaint filed by plaintiff, Edith Schoor, pursuant to the Federal Tort Claims Act (FTCA), and the doctrine announced in Bivens v. Six Unknown Named Agents of Federal Bureau Narcotics, 403 U.S. 388 (1971). Additionally, plaintiff has filed a motion for an injunction pending appeal and for an emergency order for medical treatment. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff is a federal prisoner currently incarcerated at the Federal Medical Center (FMC), in Lexington, Kentucky. On June 21, 1988, while working at the Federal Correctional Institution (FCI) at Alderson, West Virginia, plaintiff alleged that she was injured when she was hit in the back by a food cart that was being pushed by an employee of the Bureau of Prisons. Because of her injury, plaintiff was transferred on October 4, 1988, from FCI, Alderson to FMC in Lexington.
 
 
 3
 On July 30, 1991, plaintiff filed her complaint seeking declaratory and monetary relief for negligence and medical malpractice by employees of the Bureau of Prisons and other individuals. Specifically, she alleged that she did not receive medical care at the time of her transfer, and that it was not until January of 1989 that a magnetic resonance imaging scan (MRI) was first performed. She further alleged that despite the results of the MRI which showed a bulge in her spine, she was told that everything was normal and was put back to work. Another MRI was performed in January 1990, and again indicated a bulge in her spine. After the second MRI, surgery was performed.
 
 
 4
 The defendants filed a motion to dismiss plaintiff's complaint on the grounds that because plaintiff's initial injury was work related, her exclusive remedy for both the injury and any subsequent negligence in the medical care of that injury was the Inmate Compensation Act, 18 U.S.C. § 4126. The matter was referred to a magistrate judge who recommended dismissal of the complaint for lack of subject matter jurisdiction. Despite plaintiff's objections, the district court adopted the magistrate judge's recommendation and entered an order dismissing plaintiff's complaint. Plaintiff's subsequent motion for reconsideration was denied in an order entered March 13, 1992.
 
 
 5
 Upon review, we affirm the dismissal of plaintiff's complaint because plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). The district court lacked subject matter jurisdiction over plaintiff's FTCA claim. Plaintiff's exclusive remedy lies in the worker's compensation provision applicable to federal prisoners under 18 U.S.C. § 4126. Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir.1987). Further, plaintiff failed to exhaust her administrative remedies with respect to her Bivens claim. Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam). Plaintiff sought a declaratory judgment in addition to monetary damages and was required to exhaust her administrative remedies. But see McCarthy v. Madigan, 112 S.Ct. 1081, 1088 (1992).
 
 
 6
 Plaintiff's complaint that the medical staff at FMC Lexington neglected her medical needs fails to state a valid claim under the Eighth Amendment. Allegations of "inadvertent failure to provide adequate medical care," Estelle v. Gamble, 429 U.S. 97, 105 (1976), or of a "negligent ... diagnos[is]," id. at 106, fail to state a cause of action under the Eighth Amendment.
 
 
 7
 For the foregoing reasons, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. The motion for an injunction pending appeal and for an emergency order for medical treatment is denied.