991 F.2d 798
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Haywood WILLIAMS, Jr., Petitioner-Appellant,
v.
J.J. CLARK; Lt. Montgomery, Respondents-Appellees.
 No. 92-5651.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before NORRIS and SILER, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Haywood Williams, Jr., a pro se federal prisoner, appeals from a judgment of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Williams was placed in administration detention pursuant to 28 C.F.R. § 541.22, pending an investigation into the death of a fellow prisoner. William's petition alleged that he was unjustly confined to administrative detention. For relief, he requested to be placed back into the general prison population.
 
 
 3
 It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981). "Only where the plaintiff has clearly shown that exhaustion would be futile or unable to afford him the relief he requests should exhaustion before the Bureau of Prisons be excused." Davis v. Keohane, 835 F.2d 1147, 1149 (6th Cir.1987). Upon review of the record, we are satisfied that Williams did not exhaust his administrative remedies, and that those remedies were as likely as a judicial remedy to provide the relief he requested. We are further satisfied, upon a review of the record, that Williams was not denied access to those grievance procedures.
 
 
 4
 Williams's reliance on McCarthy v. Madigan, 112 S.Ct. 1081 (1992), is misplaced. That case involved a federal prisoner's complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971), where the relief requested was solely money damages. In contrast, Williams does not request money damages, but seeks to be placed back in the general prison population.
 
 
 5
 We also deny Williams's motion to supplement the appeal. Even if Williams has been transferred pending this appeal, this court is not deprived of subject matter jurisdiction over his appeal. See Cohen v. United States, 593 F.2d 766, 767 n. 2 (6th Cir.1979).
 
 
 6
 Accordingly, the judgment of the district court denying Williams's petition is affirmed, his request for appointment of counsel is denied, and his motion to supplement the record is denied. Rule 9(b)(3), Rules of the Sixth Circuit.