992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel James OAKLEY, Sr., Plaintiff-Appellant,
v.
J.J. CLARK, Warden; Robert Davis, Cook Foreman; Walter R.
Wells, FCI Lieutenant; Iris Guidry, Unit Manager;
David Hams, Disciplinary Hearing
Officer, Defendants-Appellees.
 No. 92-5872.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1993.
 
 Before JONES and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Samuel James Oakley, Sr., a federal pro se prisoner, appeals a district court judgment dismissing his complaint filed pursuant to the doctrine enunciated in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Oakley sued several correctional officials at the Federal Correctional Institution in Memphis, Tennessee. In a somewhat confusing complaint, Oakley alleged that the defendants violated his constitutional rights: (1) by placing him in solitary confinement; (2) by filing a false disciplinary charge against him; (3) by denying him medical treatment; and (4) by taking a court-imposed fine from his prison job assignment salary. There was no indication that Oakley made any attempt to exhaust his administrative remedies before filing his lawsuit; rather he merely states in his complaint that his civil rights action cannot be adjudicated by administrative remedies. Nonetheless, the district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d) and because Oakley failed to exhaust his administrative remedies with the Bureau of Prisons. On appeal, Oakley continues to argue the merits of his case.
 
 
 3
 We review the district court's dismissal of Oakley's Bivens action as frivolous for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint may be dismissed as frivolous under § 1915(d) where the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Oakley's complaint as frivolous under § 1915(d), as Oakley has failed to exhaust his administrative remedies which is required before he can pursue his claim for injunctive and declaratory relief in his Bivens action. See Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam); see also McCarthy v. Madigan, 112 S.Ct. 1081, 1091 n. 5 (1992). As this nonexhaustion ground is sufficient for us to conclude that the district court did not abuse its discretion, we do not reach the merits of Oakley's claims, especially his Eighth Amendment claim alleging a denial of medical attention, which may arguably have a basis in law and fact following exhaustion of his administrative remedies.
 
 
 5
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.