993 F.2d 1547
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John SQUIRE, Petitioner-Appellant,
v.
J.J. CLARK, Warden, Federal Correctional Institution; Ron
Lowther, FCI Disciplinary Hearing Officer,
Respondents-Appellees.
 No. 92-6504.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 
 Before MILBURN, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 John Squire, a pro se federal prisoner, appeals a district court judgment dismissing his civil rights suit filed under the doctrine announced in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Squire sued the warden and a disciplinary hearing officer at the Federal Correctional Institution in Memphis, Tennessee, alleging that his Fifth Amendment due process rights were violated because the hearing officer prevented him from presenting evidence at his disciplinary hearing. Squire also alleged that the hearing officer violated 28 C.F.R. § 541.16(b) that prohibits a disciplinary hearing officer from acting as both the reporting officer and disciplinary hearing officer, which he allegedly did by upgrading Squire's charge of fighting and subsequently finding him guilty of the upgraded charge. Finally, Squire also alleged that he was prevented from appealing the hearing officer's decision because he was transferred to another facility. The district court held that Squire's claims were frivolous and dismissed the complaint pursuant to 28 U.S.C. § 1915(d). Squire has filed a timely appeal and a motion for the appointment of counsel.
 
 
 3
 Initially, it is noted that Squire has not raised on appeal his claim that he was prevented from appealing the hearing officer's decision. Issues that were raised in the district court, yet not raised on appeal, are considered abandoned on appeal and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). Therefore, this claim is considered abandoned and will not be reviewed. Additionally, it is noted that Squire has pleaded facts establishing that he has exhausted his administrative remedies. See Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam).
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Squire's suit as frivolous. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). Squire was given a disciplinary hearing consistent with the due process requirements established by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), and it was not rendered deficient for any reasons pressed by Squire in this lawsuit.
 
 
 5
 Accordingly, Squire's motion for the appointment of counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.