38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Johnnie F. FLOURNOY, Petitioner-Appellant,
v.
George Ellen HURST; U.S. Parole Commission, Respondents-Appellees.
 No. 94-5257.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1994.
 
 Before: KENNEDY and MARTIN, Circuit Judges, and GUY, Senior Circuit Judge.
 
 ORDER
 
 1
 Johnnie F. Flournoy appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. Sec. 2241.
 
 
 2
 In 1975, Flournoy began serving a federal sentence of ten years of imprisonment for armed robbery. He was paroled in 1979, but a parole violator warrant was issued less than four months later when Flournoy was charged in two other robberies. He received a state sentence of 4 to 25 years of imprisonment, after pleading guilty to one of these charges. The state released Flournoy to a federal detainer in January of 1991, and he was paroled from federal custody for the second time in July of that year. A second parole violator warrant was issued because Flournoy had been implicated in an armed robbery and murder in Chicago. A revocation hearing was held on July 9, 1992, and parole was again revoked on Flournoy's federal sentence.
 
 
 3
 In his petition, Flournoy alleged that his parole had been revoked without probable cause and that the time remaining on his federal sentence had been miscalculated. His case was referred to a magistrate judge, who found probable cause to support revocation based primarily on testimony which indicated that Flournoy had committed the Chicago murder and robbery. The magistrate also found that Flournoy had not exhausted his administrative remedies regarding his sentence miscalculation claim. On February 2, 1994, the district court adopted the magistrate's recommendation and dismissed the case, after noting that no objections had been filed to the report. The district court denied Flournoy's motion for reconsideration on March 4, 1994, and he now appeals.
 
 
 4
 The appellee argues that appellate jurisdiction is defective because Flournoy filed his notice of appeal and motion for reconsideration on the same day. This argument is consistent with former Rule 4(a)(4) of the Federal Rules of Appellate Procedure. However, that rule was amended before Flournoy filed his notice of appeal. Under the amended rule, Flournoy's notice of appeal became effective when the district court ruled on his motion for reconsideration.
 
 
 5
 The appellee also argues that Flournoy waived his right to appeal by failing to file timely objections to the magistrate's report. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Since the magistrate's report was filed on January 14, 1994, the parties' objections were not due until February 3, 1994. See 28 U.S.C. Sec. 636(b)(1)(C); Fed.R.Civ.P. 5(b), 6(a) and 6(e). Flournoy's objections to the report are dated January 28, 1994, and the district court's judgment was signed on February 1, 1994, several days before the objections were due. Under these unusual circumstances, we will consider Flournoy's claims, despite his possible waiver under Walters. See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987).
 
 
 6
 Judicial review of a decision to revoke parole is limited to whether the factors cited by the Commission were arbitrary, irrational, unreasonable, irrelevant or capricious. Kimberlin v. White, 7 F.3d 527, 533 (6th Cir.1993). We do not review the Commission's factual findings or credibility determinations. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984).
 
 
 7
 Flournoy argues that he did not breach the conditions of his parole because he had not been convicted of violating any law. However, a conviction is not required to support the Commission's finding that Flournoy had violated the terms of his parole. See Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1155 (6th Cir.1984). There was a rational basis for the Commission's decision, as a police officer testified at the revocation hearing that an eye witness had identified Flournoy as the perpetrator of the Chicago murder. Although Flournoy objects to the absence of this witness at the hearing, hearsay testimony is allowed in making a determination of probable cause. Fed.R.Crim.P. 4(b); Taylor, 734 F.2d at 1155. Therefore, the district court properly dismissed Flournoy's petition insofar as he challenged the revocation of his parole.
 
 
 8
 Flournoy also argues that the time remaining on his federal sentence has been miscalculated. We will not reach the merits of this claim because the district court properly determined that Flournoy had not exhausted the administrative remedies that are available to him. See 28 C.F.R. Part 542; Davis v. Keohane, 835 F.2d 1147, 1148-49 (6th Cir.1987) (per curiam).
 
 
 9
 Finally, Flournoy argues that he was not served with the response to his petition. However, the response was mailed to him on February 22, 1993, at the address that he had indicated in his petition. Flournoy notified the court that he had been transferred, but this notice was dated after the response was mailed. Thus, any misdelivery is attributable to Flournoy, as the response was properly mailed to his last known address. See Fed.R.Civ.P. 5(b).
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.