82 F.3d 419
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben FERNANDINO, Defendant-Appellant.
 No. 95-1546.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before KENNEDY and COLE, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 Ruben Fernandino appeals a district court judgment that denied a motion to correct an alleged error in the record of his criminal case, pursuant to Fed.R.Crim.P. 36. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this appeal. Fed.R.App.P. 34(a).
 
 
 3
 In 1994, Fernandino pleaded guilty to conspiring to distribute cocaine and to possess cocaine for intended distribution as well as conspiring to launder monetary instruments. See 21 U.S.C. § 846; 18 U.S.C. §§ 371 and 1956(a)(1)(B)(i). He was sentenced to an aggregate term of 120 months of imprisonment and five years of supervised release as a result of this plea, and he did not file a direct appeal of his convictions or sentence.
 
 
 4
 On November 29, 1994, Fernandino filed a "Motion to Correct Error in Record" pursuant to Fed.R.Crim.P. 36. In this motion, Fernandino contested statements in his presentence investigation report ("PSI") which indicated that he had played more than a peripheral role in the conspiracy. Fernandino maintained that the disputed information in the PSI had a serious negative impact on his placement in the Bureau of Prisons. The district court denied Fernandino's motion on May 4, 1995, and it is from this judgment that he now appeals.
 
 
 5
 Initially, we note that Fernandino filed his motion for the sole purpose of improving his placement in the federal prison system. Thus, Fernandino must exhaust his administrative remedies within the Bureau of Prisons before raising his arguments in federal court. See Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam). Fernandino's failure to satisfy the exhaustion requirement provides an independent basis for affirming the denial of his Rule 36 motion.
 
 
 6
 Fernandino's motion was also properly denied because Rule 36 does not provide a basis for granting the relief that he seeks. Fed.R.Crim.P. 36 provides in full as follows:
 
 
 7
 Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.
 
 
 8
 Fernandino argues that he is seeking to correct an omission in the record because the district court did not rule on his objections to the PSI. This argument is unavailing because the district court's sentencing judgment clearly indicates that it adopted the factual findings in the PSI. The PSI indicated that Fernandino acted as a leader or supervisor in the offense because he managed co-defendants who were acting as drug couriers. Thus, the court did rule on Fernandino's objections to the PSI, and that ruling plainly indicates that he played more than a peripheral role in the conspiracy. See United States v. Wilson, 920 F.2d 1290, 1295 (6th Cir.1990), cert. denied, 113 S.Ct. 2365 (1993).
 
 
 9
 Moreover, a motion under Rule 36 is not the appropriate vehicle for correcting alleged errors in judicial fact-finding. Instead, its application is limited to the correction of clerical mistakes and omissions. United States v. Werber, 51 F.3d 342, 347-48 (2d Cir.1995); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Thus, the denial of Fernandino's motion was also appropriate because the relief he requested is not within the ambit of Rule 36. See Ferguson, 918 F.2d at 630.
 
 
 10
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation