103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Adam R. HOUSER, Petitioner-Appellant,
v.
Mark H. LUTTRELL; J.M. Brown; Donald Clair, Respondents-Appellees.
 No. 96-5190.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1996.
 
 Before: ENGEL, MERRITT, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Adam R. Houser, a pro se federal prisoner, appeals a district court judgment denying his lawsuit construed as a request for habeas corpus relief pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and injunctive relief (expungement of incident reports, restoration of good-time credits, correction of custody score, and placement at a federal correctional institution (FCI) in his region), Houser sued the warden of FCI Manchester, Kentucky (Mark Luttrell), a disciplinary hearing officer (Donald Clair), and a correctional counselor who sat on the Unit Disciplinary Committee (J.M. Brown). Houser claimed that the defendants violated his due process rights in connection with disciplinary charges and hearings at which Houser was found guilty of fighting and guilty of manufacturing and possessing a weapon. Houser claimed that: 1) Bureau of Prisons (BOP) staff violated prison policy by not giving him a disciplinary incident report within 24 hours of its occurrence; 2) he was wrongfully held in administrative detention beyond BOP limits; 3) defendant Brown was biased because he was a member of the Unit Disciplinary Committee (UDC) that heard his fighting charge as well as a member of the UDC that heard his possession and manufacture of a weapon charge; and 4) the disciplinary hearing officer (DHO), defendant Clair, was not impartial in making his ruling on the charges.
 
 
 3
 The magistrate judge recommended that Houser's petition for habeas relief be denied. Upon de novo review, the district court held that Houser was not entitled to habeas corpus relief for the restoration of good-time credits and denied the petition over Houser's objections. Houser appeals that judgment. In his timely appeal, Houser reasserts the claims he set forth in the district court.
 
 
 4
 This court reviews a judgment dismissing a § 2241 petition de novo. Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990). Houser has exhausted his administrative remedies with the BOP as is required before judicial review. See Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam).
 
 
 5
 The defendants did not violate Houser's due process rights in connection with the disciplinary charges and disciplinary hearings. Houser was caught fighting with another inmate and using a weapon that he had fashioned by attaching a padlock to the end of a belt. On August 20, 1993, Houser received a copy of the incident report that charged him with fighting. On September 8, 1993, after an initial investigation, Houser received a copy of a second incident report charging him with possession or manufacture of a weapon. Houser challenges the propriety of the second incident report. He admitted guilt and was given 30 days placement in disciplinary segregation and disallowed 14 days of good-time credit for the fighting. Houser was also given 60 days in disciplinary segregation, disallowed 40 days good-time credit, and recommended for a disciplinary transfer for possessing or manufacturing a weapon.
 
 
 6
 The record clearly reveals that Houser received all due process protections required by Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Houser claims that by not giving him a copy of the second incident report within 24 hours, the defendants violated his due process rights. The record reveals that: 1) Houser was advised of the charges and of his rights more than 24 hours before each appearance before the DHO (15 days before his appearance); 2) Houser was given the opportunity to call witnesses; 3) Houser was given the right to be assisted at the hearing by a staff representative; 4) Houser was advised in writing of the DHO's findings, the specific evidence relied upon, and the reasons for the sanctions imposed; and 5) Houser was advised of his right to appeal the sanctions. Thus, the delay between the fight and receipt of a copy of the incident report charging him with possessing or manufacturing a weapon did not violate his due process rights. Moreover, Hauser did not suffer an atypical and significant hardship when one prison guard promised not to charge the weapon offense and another prison guard did charge that offense at a later time. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 
 7
 Houser's second claim is meritless. Houser claims that he was wrongfully held in administrative detention beyond BOP limits. He contends that he was wrongfully placed in administrative detention for 28 days when BOP policy limits such a stay to 14 days. Houser offers no authority for the proposition that the BOP limits a stay in administrative detention to 14 days. Generally, there is no inherent constitutional right to remain free of administrative detention. See Hewitt v. Helms, 459 U.S. 460, 468 (1983). Moreover, the BOP does not limit a stay in administrative detention to 14 days. The regulations presuppose that an inmate may be required to stay in administrative detention pending an investigation or hearing. Thus, an inmate whose charge is being referred to the DHO may be retained in administrative detention, see 28 C.F.R. § 541.15(h), and the warden may place an inmate in administrative detention pending a hearing for a violation of BOP regulations. 28 C.F.R. § 541.22(a)(1). Houser was kept in administrative detention pending the DHO hearing. His stay in administrative detention was consistent with prison policy and did not deny him due process of law.
 
 
 8
 Houser's third and fourth claims are meritless. Houser claims that defendant Brown was biased because he was a member of the Unit Disciplinary Committee (UDC) that heard his fighting charge as well as a member of the UDC that heard his possession or manufacture of a weapon charge (claim no. 3), and that the disciplinary hearing officer (DHO), defendant Clair, was not impartial in making his ruling on the charges (claim no. 4). An inmate facing the potential loss of good-time credits for a disciplinary infraction is entitled to a decision by an impartial tribunal. Woodson v. Lack, 865 F.2d 107, 109-10 (6th Cir.1989) (citing Wolff v. McDonnell, 418 U.S. at 564-67)).
 
 
 9
 Houser, however, makes no showing of how Brown or Clair acted improperly in considering his incident reports. In order to ensure the impartiality of the UDC member, they cannot be the reporting or investigating officer or a witness to the incident. 28 C.F.R. § 541.16(b). Brown was none of those things. Thus, he was eligible to be a member of the UDC on both incident reports. Houser contends that Clair used his authority as DHO in an illegal manner and personally involved himself in the case. In the first instance, Houser's contention is completely unsupported by any facts and is purely speculative. In addition, the record belies Houser's contention. The record reveals that Clair had nothing to do with the decision to issue the second incident report for possessing or manufacturing a weapon.
 
 
 10
 Finally, the record clearly reveals an evidentiary basis for the disciplinary decision. When the decision regards disciplinary charges, the record must contain "some evidence" to support the decision. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985). Houser freely and repeatedly admitted fashioning a weapon and fighting with another inmate.
 
 
 11
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.