**Robert W. WHITTLE, Plaintiff–Appellant,**

v.

**UNITED STATES of America; James E. Keeton, Jr., in his official capacity as IRS District Counsel; United States Department of the Army; Joe B. Brown, in his official capacity as Colonel, United States Army and Staff Judge Advocate, Defendants–Appellees.**

No. 92–6714.

United States Court of Appeals,
Sixth Circuit.

Submitted Aug. 12, 1993.

Decided Oct. 25, 1993.

Robert W. Whittle (briefed), pro se.

Robert C. Watson, Asst. U.S. Atty. (briefed), and Ernest W. Williams, U.S. Atty., Office of the U.S. Atty., Nashville, TN, for defendants-appellees.

Before: MERRITT, Chief Judge; BOGGS, Circuit Judge; and ENGEL, Senior Circuit Judge.

MERRITT, Chief Judge.

Robert Whittle appeals the district court's grant of defendants' motion to dismiss, treated as a motion for summary judgment because of attachments filed. We affirm the order of the district court.

Whittle is currently licensed to practice law in the State of Tennessee and is admitted to the bar of the Supreme Court of Tennessee, the United States Tax Court, and the United States District Court for the Middle District of Tennessee. He graduated in 1989 from the Nashville School of Law, an institution that is not accredited by the ABA.

Whittle is employed as an Appeals Officer with the Office of the Chief Counsel, IRS, Department of the Treasury, in the Nashville Appeals Office. He is also a commissioned officer in the United States Army Reserve, assigned to the Individual Ready Reserve and commissioned in the Field Artillery. He has been attached to the Tennessee Army National Guard to receive retirement credit for performing military duties, but receives no monetary compensation.

Whittle applied for employment as an attorney with the Office of the Chief Attorney, IRS, in Nashville. His application was denied because the IRS Chief Counsel Directives Manual requires all "Regular Program" attorneys hired by the IRS to have graduated from an ABA accredited law school, among other qualifications. In the Reserves, Whittle requested consideration for a branch transfer to the Judge Advocate General's Corps. This request was denied as well, for United States Army Regulation 27–1, Legal Services: Judge Advocate Legal Service (September 15, 1989) requires all applicants seeking commissions in the JAG Corps to be graduates of an ABA accredited law school, among other requirements.

Whittle brought suit July 3, 1991, seeking injunctive relief and damages on the basis of his claim that the two regulations at issue are unconstitutional, violating his rights under the Equal Protection and Due Process Clauses of the United States Constitution. He named as defendants the United States, the Department of the Army, the Internal Revenue Service, IRS District Counsel James E. Keeton, Jr., and Col. Robert Harrison, Staff Judge Advocate. The United States filed a motion to dismiss on behalf of all defendants. Whittle then amended his complaint, dropping his claim for damages and deleting the IRS as a defendant. He filed a response in opposition to the motion to dismiss. The district court referred the case to a magistrate judge October 24, 1991, who recommended dismissal. The district court adopted the magistrate judge's report and recommendation in its entirety, and judgment was entered, from which arises this timely appeal.

We review the district court's grant of summary judgment de novo. The district court first dismissed the claims against the United States and the Army based on lack of subject matter jurisdiction, because they have not waived their sovereign immunity. Whittle relies on 28 U.S.C. § 1331, the general jurisdictional statute for federal questions. We agree with the district court that sovereign immunity has not been waived. "The United States, as sovereign, is immune from suit save as it consents to be sued...." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). This principle extends to agencies of the United States as well, which are immune absent a showing of a waiver of sovereign immunity. *See United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Whittle bears the burden of establishing subject matter jurisdiction of the court over his claim. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980), *cert. denied* 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981). The federal question jurisdictional statute is not a general waiver of sovereign immunity; it merely establishes a subject matter that is within the competence of federal courts to entertain. *See Coggeshall Development Corp. v. Diamond*, 884 F.2d 1, 4 (1st Cir.1989) (discussing 28 U.S.C. § 1361 in a similar context). The United States and the IRS were properly dismissed.

The district court determined that the regulations at issue do not violate the Equal Protection Clause. We agree. Unless a statute or regulation impinges upon a fundamental right or involves a suspect classification, a minimal level of scrutiny is applied under the rational basis test. *See San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Whittle does not argue that the regulations discriminate on the basis of a suspect classification such as race or gender. Rather, he contends that he has a fundamental right to practice law, citing to *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 105 S.Ct. 1272, 84 L.Ed.2d 205 (1985), and that these regulations impinge upon that right. In *Piper*, the Supreme Court held that New Hampshire's residence requirement for admission to the state bar violated the Privileges and Immunities Clause, Article IV, § 2 of the Constitution. The Court cited to *Corfield v. Coryell*, 6 F.Cas. 546 (No. 3,230) (CCED Pa.1825), an opinion by Justice Bushrod Washington sitting as Circuit Justice, for the proposition that the Privileges and Immunities Clause protects certain "fundamental rights," and then concluded that "the opportunity to practice law should be considered [such] a 'fundamental right.'" *Piper*, 470 U.S. at 280–81 & n. 10, 105 S.Ct. at 1276 & n. 10.

We find *Piper* inapplicable to the case before us. The Privileges and Immunities Clause provides that "Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." It restricts states from denying privileges to residents of other states that are granted to its own citizens. It was intended to "fuse into one Nation a collection of independent, sovereign States." *Toomer v. Witsell*, 334 U.S. 385, 395, 68 S.Ct. 1156, 1162, 92 L.Ed. 1460 (1948). Lawyers from other states who, like Whittle, graduated from schools not accredited by the ABA, also would be disqualified from consideration. The Privileges and Immunities Clause simply does not apply.

It is therefore inappropriate for us to import a test based on the Privileges and Immunities Clause from *Piper* to decide Whittle's claims based on the Equal Protection Clause. "There is no basis in law for the argument that the right to pursue one's chosen profession is a fundamental right for the purpose of invoking strict scrutiny under the Equal Protection clause." *Lupert v. California State Bar*, 761 F.2d 1325, 1327 n. 2 (9th Cir.), *cert. denied*, 474 U.S. 916, 106 S.Ct. 241, 88 L.Ed.2d 251 (1985).

Although not subject to a strict scrutiny test where no suspect class or fundamental right is implicated, government action may still merit heightened scrutiny if the asserted right is significant. *See Personnel Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979) (discussing classifications based on gender). Our precedents do not support a finding of a significant established right, however. Con-

cerning the position Whittle seeks with the IRS, the Supreme Court has observed that "public employment is not a constitutional right and the States have wide discretion in framing employee qualifications...." *Id.* at 273, 99 S.Ct. at 2293. We have been unwilling to find a right to a government job absent some independent legal grounding: a written or implied employment contract, or a statute or ordinance. *Duncan v. City of Oneida,* 735 F.2d 998, 1000 (6th Cir.1984). No such independent basis exists here. Likewise, "[t]here is no right to join the military," *West v. Brown,* 558 F.2d 757, 760 (5th Cir.1977), *cert. denied,* 435 U.S. 926, 98 S.Ct. 1493, 55 L.Ed.2d 520 (1978).

We also note the distinction between defendants' refusal to *hire* Whittle as a lawyer and a refusal to let him *practice* as a lawyer. As Whittle pointed out in opposing defendants' Motion to Dismiss, the Tax Court permits even non-attorneys to practice before it upon successful completion of an examination it administers. J.A. at 65. It is not clear that the regulations at issue, as enforced by defendants, impinge on Whittle's freedom to practice law. Whittle contends that it is not *employment* by the defendants that it at issue; he already works for the IRS and is an Army Reservist. But if he has no independent right to public employment at all, it surely cannot be asserted that he has a constitutional interest in a particular position.

In the absence of an interest calling for. heightened scrutiny, the rational basis test applies: the regulations at issue need only bear some rational relationship to legitimate governmental purposes. *Jones v. Board of Commissioners of Alabama State Bar,* 737 F.2d 996, 1000 (11th Cir.1984) (Alabama may limit to five the number of times an applicant may sit for the bar examination.) The regulations before us permit the IRS and Army to make attorney employment decisions without conducting an individualized examination concerning the quality of each applicant's law school education. While some non-accredited law schools offer legal education comparable (or perhaps even superior) to accredited schools, others surely do not. It is not irrational for the IRS and the

Army to rely on the judgment of the ABA in determining which schools merit accreditation, and to use that as a proxy for a minimum acceptable level of skill required for an attorney position. *See Nordgren v. Hafter,* 789 F.2d 334, 339 (5th Cir.), *cert. denied,* 479 U.S. 850, 107 S.Ct. 177, 93 L.Ed.2d 113 (1986) (Mississippi permitted to distinguish between in-state and out-of-state graduates of non-ABA accredited law schools for bar administration purposes).

Whittle may very well be an extremely capable attorney, one whose services would be welcome in both the IRS and the Army. The refusal of these two governmental branches to consider his application for an attorney position based on clear and well-established policy directives, however, does not constitute an equal protection or due process violation. The judgment of the district court is therefore, **AFFIRMED.**