35 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nathaniel WILSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-2611.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1994.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 Nathaniel Wilson, appearing pro se, appeals a district court judgment dismissing his complaint for the return of seized property. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Wilson filed a complaint seeking the return of property allegedly seized in violation of his rights under the Fourth and Fifth Amendments to the United States Constitution. Wilson alleged that on May 17, 1992, agents of the Drug Enforcement Administration seized a Chevrolet Corvette, a 1986 Maserati and approximately $1,033. Previously, on July 21, 1990, DEA agents seized a Cadillac Allante, and on August 8, 1990, a Ford Tempo and $880. He argued that the defendants improperly seized his property without warrants and that they failed to give him timely notice of the forfeiture proceedings.
 
 
 4
 After reviewing the government's motion to dismiss, or in the alternative for summary judgment, as well as Wilson's response, a magistrate judge filed a report recommending that the district court dismiss Wilson's complaint, or alternatively, grant summary judgment in favor of the defendant. Over Wilson's objections, the district court adopted the magistrate judge's recommendation, granted summary judgment to the government and dismissed the case. On appeal, Wilson argues that the government violated his due process rights when it released his property to various lienholders. He also argues that the district court abused its discretion by not ruling on his request for interrogatories.
 
 
 5
 Upon review, we conclude that the dismissal of Wilson's complaint for the return of seized property must be affirmed, not because the government was entitled to summary judgment on the merits but because the district court lacked subject matter jurisdiction to review the complaint. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). The court lacked equity jurisdiction under Fed.R.Civ.P. 41(e) because the government no longer possesses Wilson's property, and thus the court cannot determine to whom it should return the property based on reasonable and equitable considerations. See Purrington v. University of Utah, 996 F.2d 1025, 1030 (10th Cir.1993). The court also lacked jurisdiction to review the suit if it is construed as brought under the Bivens doctrine, see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), because Wilson has named the United States as the only defendant and a Bivens action does not lie against the United States. See FDIC v. Meyer, 114 S.Ct. 996, 1006 (1994); Whittle v. United States, 7 F.3d 1259, 1261 (6th Cir.1993).
 
 
 6
 For the foregoing reasons, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joe Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation