52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Gordon L. DOLLAR, Plaintiff-Appellant,
v.
FEDERAL CORRECTIONAL INSTITUTE-MANCHESTER, Defendant-Appellee.
 No. 94-5629.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 1
 Before: KENNEDY and NORRIS, Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 Gordon L. Dollar, a pro se federal prisoner, appeals a district court order dismissing his civil rights action filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Dollar sued the Federal Correctional Institute in Manchester, Kentucky, contending that he had been subjected to cruel and unusual punishment and that the institution was deliberately indifferent to his serious medical needs. A magistrate judge recommended dismissing the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Upon de novo review and over Dollar's objections, the district court adopted the magistrate judge's report and dismissed the case.
 
 
 4
 In his cryptic brief, Dollar states that the district court was biased and that his appeal involves issues "too many to list."
 
 
 5
 The dismissal of a complaint pursuant to 28 U.S.C. Sec. 1915(d) is reviewed under the abuse of discretion standard. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 6
 We conclude that the district court did not abuse its discretion in dismissing Dollar's complaint as frivolous. Dollar sought both monetary and injunctive relief from the federal prison. With regards to his request for monetary relief, Dollar is suing only the federal prison. As an agency of the United States, the prison is entitled to sovereign immunity from monetary damages. See FDIC v. Meyer, 114 S.Ct. 996, 1005-06 (1994); Whittle v. United States, 7 F.3d 1259, 1262 (6th Cir.1993). As Dollar has not exhausted his available administrative remedies, he is not entitled to injunctive relief. See Young v. Quinlan, 960 F.2d 351, 356 n. 8 (3d Cir.1992); Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam); see also McCarthy v. Madigan, 112 S.Ct. 1081, 1086-91 (1992).
 
 
 7
 Finally, Dollar states that the district court was biased. The legal standard to establish judicial bias requires the facts to be such that it would convince a reasonable person that bias exists. See United States v. Story, 716 F.2d 1088, 1090 (6th Cir.1983). Dollar has presented no evidence to show, nor do the facts indicate, that the district court was biased against Dollar.
 
 
 8
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation