99 F.3d 1139
 78 A.F.T.R.2d 96-7076
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne L. PATRICK, Plaintiff-Appellant,
v.
UNITED STATES of America; Joseph Owczarek; Brenda J.
Leonard, Defendants-Appellees.
 No. 95-2177.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1996.
 
 Before: KRUPANSKY, BOGGS, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Wayne L. Patrick, proceeding pro se, appeals a district court judgment dismissing his complaint filed pursuant to the Federal Tort Claims Act (FTCA) and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Patrick brought this action against Internal Revenue Service (IRS) agents Joseph Owczarek and Brenda Leonard in their individual capacities, alleging that they deprived him of his First, Fourth and Fifth Amendment rights when they served a collection summons upon him on March 1, 1995. Patrick sought a three judge panel, punitive damages, counsel fees, injunctive relief, and a declaratory judgment. The district court denied Patrick's motion to convene a three-judge panel as frivolous, granted the United States motion for substitution, and dismissed the complaint for lack of jurisdiction and for failure to state a claim upon which relief could be granted. This timely appeal followed.
 
 
 3
 Upon review, we conclude that the United States was properly substituted as party defendant for the individual IRS agents. 28 U.S.C. § 2679(d)(1) provides that the United States is to be substituted as party-defendant in any civil action against a federal government employee if the Attorney General certifies that the employee acted "within the scope of his office or employment at the time of the incident out of which the claim arose." Here, the Attorney General's designate certified that the individual defendants named by Patrick acted within the scope of employment when the acts in question occurred. "The Attorney General's certification provides prima facie evidence that the employee was acting within the scope of employment." RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1143 (6th Cir.1996) (emphasis in origin) (citing Brown v. Armstrong, 949 F.2d 1007, 1012 (8th Cir.1991)). Despite Patrick's protests, substitution of the United States as defendant was proper, and required by statute.
 
 
 4
 Upon further review, we conclude that the district court properly dismissed Patrick's suit as Patrick undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996).
 
 
 5
 The district court properly dismissed the complaint to the extent that it can be construed to state a claim against the United States pursuant to the FTCA. The United States, as sovereign, may be sued only to the extent that it has consented to suit by statute. United States v. Testan, 424 U.S. 392, 397 (1976). The United States has waived sovereign immunity to certain tort claims under the FTCA. However, 28 U.S.C. § 2680 provides that the waiver of sovereign immunity does not apply to "[a]ny claim arising in respect to the assessment or collection of any tax...." Defendants Owczarek's and Leonard's actions clearly fall within this statutory exception.
 
 
 6
 The district court properly dismissed the complaint to the extent that it can be construed to state a claim against the individual IRS agents pursuant to Bivens. For Patrick to maintain Bivens action, he must, as a threshold matter, plead that the defendants committed acts which rise to the level of a constitutional violation. See, e.g., Whittle v. United States, 7 F.3d 1259, 1262 (6th Cir.1993); Shaner v. United States, 976 F.2d 990, 994 (6th Cir.1992), cert. denied, 507 U.S. 1051 (1993). In this case, Patrick has simply alleged that defendants Owczarek and Leonard attempted to enter his home. Even if this allegation is accepted as true, this act does not violate Patrick's Fourth Amendment rights to be free from unreasonable search and seizure. Patrick has not alleged that a search or seizure occurred. Similarly, Patrick cannot maintain a Fifth Amendment action for deprivation of property without due process, because the defendants simply taped a collection summons to Patrick's door. They did not deprive Patrick of any property. Regarding his First Amendment claim, Patrick has not alleged which of the defendants' actions violated his right to free speech, or how his free speech was restrained. Therefore, Patrick's Bivens claim was properly dismissed for failure to state a claim upon which relief could be granted.
 
 
 7
 Even if Patrick had alleged a colorable constitutional violation, dismissal is still proper. In the context of administration of the tax laws, federal courts have consistently declined to create Bivens remedies. See, e.g., Schweiker v. Chilicky, 487 U.S. 412, 425 (1988); McMillen v. United States Dep't of Treasury, 960 F.2d 187, 191 (1st Cir.1991) (per curiam); Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991). Accordingly, Patrick cannot maintain a Bivens action against IRS agents Owczarek and Leonard.
 
 
 8
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.