**Frederick M. SHEA, Plaintiff–Appellant,**

v.

**STATE FARM INSURANCE COMPANIES; Amy Aidt, Defendants–Appellees.**

No. 00–3083.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2001.

Before NORRIS, SILER, and BRIGHT,* Circuit Judges.

Frederick M. Shea appeals a district court order dismissing his diversity action filed under 28 U.S.C. § 1332. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Shea sued the State Farm Insurance Companies and Amy Aidt, alleging that State Farm had not paid him for injuries he suffered in an automobile collision with Aidt. Over Shea's objections, the district court adopted the magistrate judge's report and recommendation, determined that it lacked subject matter jurisdiction over Shea's claims, and dismissed the complaint. Shea subsequently filed several time-tolling, post-judgment motions, which the district court denied. Shea has filed a timely appeal.

■ Upon review, we conclude that the district court properly dismissed Shea's case for lack of subject matter jurisdiction. This court renders de novo review of a district court's dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *See Beamon v. Brown,* 125 F.3d 965, 967 (6th Cir.1997). The plaintiff bears the burden of establishing a court's subject matter jurisdiction over a claim. *See Whittle v. United States,* 7 F.3d 1259, 1262 (6th Cir.1993).

■ The district court properly determined that it lacked subject matter jurisdiction over Shea's claims. Under § 1332, federal courts have jurisdiction over civil actions involving citizens of different states. However, this diversity jurisdiction has been interpreted to require complete diversity between the parties; the plaintiff cannot be a citizen of the same state as any defendant. *See Caudill v. North Am. Media Corp.,* 200 F.3d 914, 916 (6th Cir.2000); *Safeco Ins. Co. of Am. v. City of White House,* 36 F.3d 540, 545 (6th Cir.1994). The defendants assert that they both are Ohio citizens, as is Shea. In response to the defendants' assertions, Shea has not presented any arguments or evidence demonstrating that the defendants are not citizens of Ohio. Therefore, he has not met his burden of establishing complete diversity between the parties, and the district court did not have jurisdiction over Shea's claims under § 1332.

Accordingly, this court affirms the district court's judgment. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.